IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Clyde Earl, )<br>)<br>    Plaintiff, )<br>)<br>        v. )<br>)<br>Antonio U. Espejo, Juan V. Gali, Arturo )<br>Guzman, Joseph R. Paoletti, Eddie K. )<br>Haynie, Edward M. Moser, Colin F. )<br>O'Shea, Jorge N. Solivan, Douglas E. )<br>Straka, Michael Carrasco, Miguel A. Bahena, )<br>Artemio Vargas, Dora M. Hindman, Tracy )<br>L. Walczak, Aaron S. Cobb, Ryan P. Brown, )<br>Evelyn F. Redding, Roldan Solis, Torrey L. )<br>Barnes, Devan H. Richardson, and the City )<br>of Chicago, )<br>)<br>    Defendants. ) | Case No. 17-cv-195<br><br>COMPLAINT FOR VIOLATION OF<br>CIVIL RIGHTS AND SUPPLEMENTAL<br>STATE LAW CLAIMS<br><br><br>**JURY DEMANDED** |

## COMPLAINT

Plaintiff, Clyde Earl, by his attorneys, states as follows:

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution, the Civil Rights Act, the Americans with Disabilities Act, and the Rehabilitation Act. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is proper in the Northern District of Illinois under 28 U.S.C. Section 1391 because the acts complained of occurred here and, on information and belief, Defendants reside here.

### PARTIES

3. At all times herein mentioned, Plaintiff Clyde Earl ("hereinafter "Earl"), was a citizen of the United States, and resided within the jurisdiction of this court.

4. At all times herein mentioned, Antonio U. Espejo [Star #7966], Juan V. Gali [Star #12394], Arturo Guzman [Star #12864], Joseph R. Paoletti [Star #13190], Eddie K. Haynie [Star #13846], Edward M. Moser [Star #16090], Colin F. O'Shea [Star #18776], Jorge N. Solivan [Star #19487], Douglas E. Straka [Star #6746], Michael Carrasco [Star #8564], Miguel A. Bahena [Star #10418], Artemio Vargas [Star #7624], Dora M. Hindman [Star #1156], Tracy L. Walczak [Star #1675], Aaron S. Cobb [Star #20475], Ryan P. Brown [Star #1836], Evelyn F. Redding [Star #5333], and Roldan Solis [Star #10461] were sworn officers for the Chicago Police Department and were acting under color of state law and as employees, agents, or representatives of the City of Chicago. These Defendants are being sued in their individual capacities.

5. At all times herein mentioned, Torrey L. Barnes and Devan H. Richardson were detention aides for the Chicago Police Department and were acting under color of state law and as employees, agents, or representatives of the City of Chicago. These Defendants are being sued in their individual capacities.

6. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.

7. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

**FACTUAL ALLEGATIONS**

8. Since the early 1990s, Earl has suffered from a mental illness that causes him to experience severe symptoms, including psychosis, hallucinations, depression, and paranoia, among others, when not treated properly with psychotropic medication.

9. The symptoms of his mental illness were generally well-controlled prior to the events giving rise to this litigation.

10. On January 12, 2015, Earl was experiencing severe symptoms and attempted to go to a hospital to seek treatment.

11. Earl was on his way to the hospital to receive such treatment when one or more of the individual Defendants seized him.

12. At the time of this seizure, Earl was displaying severe and obvious signs of mental illness, and was indeed suffering from severe symptoms of his illness.

13. Prior to and/or during the seizure, Earl indicated that he was sick, mentally ill, and/or that he was experiencing symptoms of mental illness.

14. During the initial seizure—including after he already be restrained—one or more of the individual Defendants used excessive force on Earl by striking him about the face and body, among other things, while other stood idly by.

15. There was no reason for these Defendants to use such force on Earl, especially after he had been restrained.

16. One or more of the individual Defendants subsequently transferred Earl to the 7th District Police Station.

17. After he was taken to the station, one or more of the individual Defendants used excessive force on Earl by striking him about the face and body and pushing him into a wall, among other things, while others stood idly by.

18. There was no reason for these Defendants to use force on Earl, especially when he was restrained.

19. While at the station, Earl continued to display severe and obvious signs of mental illness, informed Defendants that he was sick, mentally ill and/or suffering from symptoms of a mental illness, that he needed to go to the hospital, that he needed medication, and/or that he was on his way to obtain such medication when he was arrested.

3

20. Earl's mental illness was so obvious that even a lay person would have easily recognized that treatment by a mental health professional was necessary—he behaved in a bizarre way and was confused, disorganized, suspicious, and paranoid.

21. Moreover, Earl informed Defendants of his mental illness—they knew that he had been previously hospitalized and treated, and/or that he had prescriptions for psychotropic medications.

22. Despite this, Defendants failed to take action to provide Earl with medical and mental health attention and care.

23. For example, they did not attempt to obtain or administer his medications, they did not take him to a mental health professional or facility—or request that he be taken to a mental health professional or facility—to be evaluated, and they did not inform a supervisor that Earl needed to be evaluated and/or treated.

24. Earl was not released from City of Chicago's custody by Defendants until January 14, 2015, when he was placed into the custody of the Cook County Sheriff and transferred to the Cook County Department of Corrections—until this time, he remained in police custody, suffering from untreated mental illness and the physical injuries inflicted by Defendants.

25. Due to Defendants' above-described acts, Earl sustained damages.

26. Defendants' above-described acts were willful, wanton, and malicious and done with reckless indifference to and callous disregard for Earl's rights and justify the awarding of punitive damages against the individual defendants to punish and deter them and deter other City of Chicago employees and/or agents from similar conduct.

27. Earl has had to retain an attorney to render legal assistance to him in this civil action so that he might vindicate his constitutional rights.

## COUNT I
## AGAINST ALL INDIVIDUAL DEFENDANTS
## FOR UNREASONABLE/DELIBERATELY INDIFFERENT SEIZURE/DETENTION

28. Plaintiff hereby incorporates and re-alleges the above paragraphs as though fully set forth at this place.

29. One or more of the individual Defendants, as described more fully above, violated Earl's constitutional rights in one or more of the following ways: 1) they used force on him without proper justification; 2) while in their custody, they denied/failed to provide him access to medical and mental health care; and 3) they allowed constitutional violations to happen, despite knowing they were about to occur and despite having realistic opportunities to intervene and prevent them.

30. Their actions were objectively unreasonable and deliberately indifferent.

31. As a result, Earl sustained damages.

32. Therefore, the individual defendants are liable to Earl under 42 U.S.C. Section 1983.

## COUNT II
## AGAINST THE CITY OF CHICAGO for INDEMNIFICATION

33. Plaintiff hereby incorporates and re-alleges the above paragraphs as though fully set forth at this place.

34. Pursuant to 745 ILCS 10/9-102, the City of Chicago must pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an employee, acting within the scope of his or her employment, is found liable.

35. The acts and/or omissions of each of the individual Defendants were committed within the scope of their employment.

36. In the event that a judgment for compensatory damages is entered against the individual Defendants and/or any of them, the City of Chicago must pay the judgment,[1] as well as the associated attorneys' fees and costs.

## COUNT III
## AGAINST THE CITY OF CHICAGO for MUNICIPAL LIABILITY (MONELL CLAIMS)

37. Plaintiff hereby incorporates and re-alleges the above paragraphs as though fully set forth at this place.

38. The unconstitutional conduct of the individual Defendants described herein was caused in part by widespread policies, practices, and/or customs of the City of Chicago.

39. At all times herein mentioned, the City of Chicago 1) failed to adequately train its employees and agents to properly identify and respond to arrestees displaying signs of mental illness; 2) failed to implement and enforce the Chicago Police Department's protocols that required arrestees displaying symptoms of mental illness to be transported to a mental health intake facility; 3) failed to impose discipline or counseling when City of Chicago employees and agents failed to abide by these protocols; and 4) effectively encouraged City of Chicago employees and agents to disregard these protocols.

40. These policies, practices, and/or customs, as well as the resulting constitutional violations, were so persistent and widespread that they constituted the City of Chicago's standard operating procedures.

41. The City of Chicago, through its policymakers, knew that correcting these issues was necessary to avoid likely further constitutional violations caused by its employees and/or agents in responding improperly to arrestees displaying symptoms of mental illness.

42. Regardless of whether the City of Chicago possessed the knowledge alleged in the above paragraph, it was obvious to the City of Chicago, through its policymakers, that correcting

---

[1] excluding punitive damages

6

these issues was necessary to avoid likely further constitutional violations caused by its employees and/or agents in responding improperly to arrestees displaying symptoms of mental illness.

43. The City of Chicago's widespread policies, practices, and/or customs described herein and its failures to correct them constitute deliberate indifference to the rights of arrestees displaying symptoms of mental illness with whom employees and/or agents of the City of Chicago come into contact.

44. The City of Chicago's widespread policies, practices, and/or customs and its failures to correct them described herein caused one or more of the individual Defendants to violate Earl's constitutional rights.

45. As a result, Earl sustained damages.

46. The City of Chicago is therefore directly liable to Earl for the constitutional violations of the individual Defendants alleged herein.

## COUNT IV
## FAILURE TO ACCOMMODATE DISABILITY
## AGAINST THE CITY OF CHICAGO

47. Plaintiff hereby incorporates and re-alleges the above paragraphs as though fully set forth at this place.

48. At all times herein mentioned, the City of Chicago was a public entity for the purposes of Title II of the Americans with Disabilities Act.

49. At all times herein mentioned, the Chicago Police Department was a program or activity of the City of Chicago receiving federal financial assistance for the purposes of the Rehabilitation Act.

50. At all times herein mentioned, Earl's mental illness rendered him a qualified individual with a disability for the purposes of the Americans with Disabilities Act and the Rehabilitation Act.

51. Defendant City of Chicago, through employees, and/or agents, as described more fully throughout this Complaint, deprived Earl of his rights under Title II of the Americans with Disabilities Act and the Section 504 of the Rehabilitation Act by failing to reasonably accommodate his mental illness—by failing to take him to a mental health facility or otherwise provide him with adequate care while in custody.

52. As a result, Earl sustained damages.

53. Therefore, the individual defendants are liable to Earl under 42 U.S.C. Section 12132 and 29 U.S.C. Section 794.

**WHEREFORE**, Plaintiff Clyde Earl, by and through his attorneys, requests that Defendants be found liable and that:

   a. all defendants be ordered to pay Plaintiff's compensatory damages;

   b. all defendants be ordered to pay Plaintiff's attorneys' fees;

   c. the individual defendants be ordered to pay punitive damages; and

   d. all defendants be ordered to pay Plaintiff's costs.

Respectfully submitted,

BY: s/ Steven J. Molitor
One of Plaintiff's Attorneys

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022 | Fax: 312-697-0812

8